SWOFFER v MARMAC INDUSTRIES, INC

1. WORKMEN'S COMPENSATION—SPECIFIC INJURIES.

An employee who has suffered an injury covered by workmen's compensation is entitled to prompt medical rehabilitation services, and this includes pollicization, an operation in which the index or middle finger on an injured hand is fused onto the thumb metacarpal to replace a lost thumb.

2. WORKMEN'S COMPENSATION—REHABILITATION.

Removal of a middle finger for surgical rehabilitation after a thumb amputation resulting from an accident is not the result of the accident and additional award for loss of the middle finger is not provided for by statute (MCLA 418.361).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 October 3, 1972, at Lansing. (Docket No. 13248.) Decided October 26, 1972.

Dennis F. Swoffer presented his claim for workmen's compensation against Marmac Industries, Inc., and Aetna Casualty & Surety Company. Compensation awarded. Defendants appeal. Affirmed in part, reversed in part.

*William R. Walsh, Jr.,* for plaintiff.

*Bush, Luce, Henderson, Black & Bankson,* for defendants.

Before: QUINN, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 327.

[2] 58 Am Jur, Workmen's Compensation § 298.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

QUINN, P. J. Plaintiff, a minor, commenced work for Marmac as a pre-form press operator May 1, 1968. Two days later, he suffered a crushing injury to his left hand while operating the press. The Workmen's Compensation Appeal Board affirmed the award of the referee under which plaintiff received wage and medical benefits. On leave granted, defendants appeal.

As a result of the injury, plaintiff's left thumb had to be amputated except for one-quarter inch of metacarpal bone. This restricts plaintiff's ability to pinch or grip with his left hand. To correct this, a hand specialist recommended an operation known as pollicization. This surgical procedure involves removing the index or middle finger on the injured hand and fusing it onto the thumb metacarpal to act as a thumb. It is an established medical practice among orthopedic surgeons. In part, the order appealed from required defendants to provide the pollicization and to pay plaintiff 33 weeks additional compensation for loss of the middle finger, the finger to be used in the operation. The appeal is from these provisions of the order.

That part of the order requiring defendants to provide pollicization reads:

"As to the pollicization I further find that this is an established surgical procedure with a high degree of potential success and one which under the act (part II, § 4) is in a sense a 'other appliance' which will 'cure, so far as reasonably possible, and relieve from the effects of the injury'."

Part II, § 4, is presently MCLA 418.315; MSA 17.237(315), and reads in pertinent part:

"The employer shall also supply to the injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary * * * ."

It is defendants' contention that pollicization is not included in the phrase "such other appliances", and, therefore, the statute relied on does not authorize an order for such an operation.

We find decision on this contention to be unnecessary. The order to provide pollicization is authorized by the first sentence of MCLA 418.319; MSA 17.237(319):

"An employee who has suffered an injury covered by this act shall be entitled to prompt medical rehabilitation services."

In affirming the award of 33 weeks of additional compensation, the Workmen's Compensation Appeal Board relied on *Lindsay v Glennie Industries, Inc,* 379 Mich 573 (1967), which held:

"We hold the surgical removal of the natural lens made necessary by an injury arising out of and in the course of claimant's employment is loss of an eye within the meaning of the amended statute."

In *Lindsay, supra,* as a result of the injury plaintiff developed a cataract. The removal of the cataract compelled removal of the natural lens, leaving the eye without vision. If plaintiff's middle finger was to be removed because of damage suffered in the accident, *Lindsay* would control, but such is not this case. If plaintiff decides to submit to pollicization, his middle finger will be removed as the result of corrective surgery, not as the result of damage suffered in the accident. This is not the loss of the finger within MCLA 418.361; MSA 17.237(361), and the award of additional compensation therefor was error.

Affirmed in part and reversed in part. Neither party having prevailed, no costs are awarded.

All concurred.